Trustees of Schools of Township Number 37 North Range Number 13 East, Cook County, Illinois, Plaintiff-Appellant, v. Chicago City Bank and Trust Company, as Trustee Under Trust Agreement Dated December 26, 1958, and Known as Trust Number 6125, and Edward J. Fisher, Defendant-Appellee.

Gen. No. 53,770.

First District.

June 12, 1970.

Klein, Thorpe, Kasson and Jenkins, of Chicago (Franklin W. Klein and Robert F. Peck, of counsel), for appellant.

Foran & Wiss, of Chicago (Robert E. Wiss and Thomas T. Burke, of counsel), for appellee.

STOUDER, J.

This is an appeal by Petitioner, Trustees of Schools of Twp. Number 37, North Range Number 13 East, Cook County, Illinois, from a judgment of the Circuit Court of Cook County in an eminent domain proceeding awarding $195,000 for land owned by the beneficiaries of a land trust in which Chicago City Bank and Trust Company is Trustee.

On June 29, 1967, petitioner school district commenced this eminent domain proceeding to have fair compensation determined for property owned by respondents situated at the northwest corner of 95th Street and Southwest Highway, Oaklawn, Illinois. The property is an irregularly shaped unsubdivided tract containing 46,315 square feet (1.0633 acres). Situated on the property are the remains of a brick motel and the foundations of a drive-in restaurant both of which were destroyed by a tornado in April, 1967. The remains of the buildings were considered detrimental to the value of the property. Applicable zoning permits commercial use of the property. The main commercial area of Oaklawn is about a mile and a half east of the subject property although the property both east and west of the subject property along 95th Street is generally commercial.

Petitioner presented the testimony of three valuation witnesses and the details of one comparable sale. Respondent presented the testimony of two valuation witnesses and the details concerning two comparable sales. The values expressed by petitioner's experts ranged from $115,000 to $127,000. The values of respondent's experts ranged from $208,500 to $210,000.

The jury returned a verdict for $195,000 upon which judgment was entered. Post-trial motions were denied.

Petitioner has made several assignments of error but the only ones we believe it necessary to consider are those relating to the evidence of comparable sales introduced by respondent.

Before discussing the details of the comparable sales presented by respondent, the details of the sale presented by petitioner will be discussed since it is related to one of the sales offered by respondent.

As indicated in the facts, the subject property is located on the northwest corner of 95th Street and Southwest Highway. Petitioner offered as a comparable sale the sale of the property located at the southeast corner

of the same intersection, the property having been used and improved for commercial purposes, the buildings having been destroyed in the same tornado which destroyed the buildings on the subject tract. Six days before the condemnation petition was filed, the parcel on the southeast corner consisting of 20,000 square feet was sold for $53,000. The sale was by the lessor to the lessee and although the contract alluded to the settlement of claims between the parties there was no evidence other than that the sale was voluntary and the selling price was the fair cash market value of the property at the time.

In December, 1967, the same tract on the southeast corner of the intersection was sold again this time for $100,000. Respondent proposed this sale as comparable, and over objection of petitioner its details were admitted by the court. Although this sale is referred to by respondent as a cash sale, the $100,000 purchase price required the purchaser to pay $30,000 in cash, assume a $40,000 existing mortgage with seller accepting a $30,000 purchase money mortgage for the balance.

The principal objection to the sale urged by petitioner was and is that the trial court abused its discretion in admitting such sale because the sale took place six months after the petition was filed and no evidence was presented by respondent supporting the conclusion that the sale was unaffected by the improvement contemplated in the condemnation proceeding.

■■ Petitioner relies primarily on three cases, City of Chicago v. Blanton, 15 Ill2d 198, 154 NE2d 242, Department of Public Works v. Finks, 10 Ill2d 15, 139 NE2d 267 and Department of Public Works and Buildings v. Dalessio, 101 Ill App2d 187, 242 NE2d 324. Such cases do not lay down any general rule as contended for by petitioner that sales of property made after the filing of the petition are rendered dissimilar as a matter of law merely because of the date of the sale. However, such cases are authority for the proposition that for such

later sales to be considered similar, the party proposing them ought to be required to show that such later value was unaffected by the condemnation proceeding or the result thereof. In City of Chicago v. Blanton and Department of Public Works and Buildings v. Dalessio, supra, the trial court's exclusion of sales after the filing of the petition was approved where it appeared that new and different considerations resulting from the improvement could have significantly affected the values of property thereafter. In fact, no case has been called to our attention in this jurisdiction where the admission of subsequent sales has been approved. Respondent cites Illinois Bldg. Authority v. Dembinsky, 90 Ill App2d 451, 233 NE2d 38, in support of his position but a review of the opinion reveals that the issue was not discussed by the court. Respondent quotes from the briefs filed in the Dembinsky case, but whether the argument was made or not is immaterial since the issue was not discussed in the opinion.

In our view, the nature and location of the comparable sale property in relation to the contemplated improvement as well as the earlier sale of the same property indicate that the value of the comparable sale property was enhanced by the improvement. Such a sale interjects so many speculative and collateral issues into the case that it ought not to be considered by the jury.

From the record it appears that such comparable sale could have significantly influenced the jury not only because of its own details but because it was relied upon heavily by respondent's appraisers. Therefore, the error in considering the sale was prejudicial.

Over objection of petitioner the court permitted the introduction of another sale proposed by respondent. This was the sale of four 25-foot lots about one mile east of the subject property which property was improved with a filling station. The sale took place shortly before the petition was filed and the $50,000 selling price repre-

306

sented the consideration for approximately 10,800 square feet.

In arguing that the filling station sale was dissimilar, petitioner presents the argument of improvement versus nonimprovement and subdivided versus nonsubdivided.

 There is little argument but that evidence of other sales in the area occurring at or about the time of the valuation date are admissible when such sales tend to prove the value of the subject property. How dissimilar properties may be and yet have a sufficient tendency to aid in the valuation of the subject property, without at the same time interjecting improper collateral issues, is frequently a matter of dispute. Whether property has buildings on it or whether it is subdivided, are in essence questions of degree of improvement, and hence the appropriateness of considering them may not be resolved by easy formulas. In seeking to support the similarity of the properties, respondent offered testimony to the effect that the filling station would be torn down, thereby rendering the property similar. Intimately related to this question, the testimony revealed that the property had been purchased by an adjoining property owner for the purpose of enlarging his laundry and making a parking lot. Although petitioner only indirectly refers to the "special value" placed upon the property by the adjoining owner, we believe that such special value prevents the sale from being a similar sale as contemplated by the rules. If the filling station buildings are deemed of no value because of the special purpose and the special value placed on the premises by the adjoining owner, such sale can have no tendency to prove the value of the subject premises. If the cash consideration or selling price of otherwise similar property is not the fair cash market value of said property, the selling price can have no relevance to the issues to be determined by the jury. City of Mount Olive v. Braje, 366 Ill 132, 7 NE2d 851, Jefferson Park Dist. v. Sowinski, 336 Ill 390, 168

NE 370, West Skokie Drain. Dist. v. Dawson, 243 Ill 175, 90 NE 377 and Sanitary Dist. v. Boening, 267 Ill 118, 107 NE 810.

For the foregoing reasons the judgment of the Circuit Court of Cook County is reversed and remanded with directions that petitioner be granted a new trial.

Judgment reversed and remanded with directions.

RYAN, P. J. and ALLOY, J., concur.