THE DEPARTMENT OF TRANSPORTATION, Petitioner-Appellant, *v.* PRAIRIE TRAVLER, INC., *et al.*, Respondents-Appellees.

Fourth District   No. 14358

Opinion filed September 30, 1977.—Rehearing denied October 31, 1977.

William J. Scott, Attorney General, of Springfield (William B. Lawrence and Roy E. Frazier, Jr., Assistant Attorneys General, of counsel), for appellant.

William R. Brandt, of Livingston, Barger, Brandt, Slater & Schroeder, of Bloomington, for appellees.

Mr. JUSTICE REARDON delivered the opinion of the court:

Petitioner, the Department of Transportation of the State of Illinois, appeals a $90,900 jury verdict in an eminent domain action to acquire land for highway purposes.

The Prairie Travler Motel is located at the southwest corner of the intersection of IAA Drive and Vernon Avenue in Bloomington, Illinois. Vernon Avenue runs westward from U.S. 66 and IAA Drive is a frontage road running southward from Vernon Avenue parallel to U.S. 66. The motel property consists of 12.27 acres improved with several buildings housing 53 motel units, a coffee shop and a swimming pool.

Petitioner sought 1.704 acres for relocation of IAA Drive near its intersection with Vernon Avenue. The land sought would sever the motel property into two parcels leaving 9.447 acres plus all buildings in one parcel and 1.119 unimproved acres in another parcel located between the old and new frontage roads.

At trial on November 22, 1976, petitioner and respondents each presented two appraisal witnesses. The valuation opinions of those witnesses were as follows:

| Petitioner's Witnesses | Whole | Part Taken | Easement |
|---|---|---|---|
| Walter Stoutamoyer | $ 577,500 | $ 16,103 | $ 1,350 |
| Francis Gutschenritter | 555,000 | 25,600 | 400 |
| Respondents' Witnesses | | | |
| Paul Ball | $1,090,142 | $ 92,565 | No testimony |
| Campbell Evans | 1,200,000 | 167,137 | $13,140 |

Both of petitioner's witnesses testified that the subject property was being used inefficiently and that its highest and best use required additional development. Gutschenritter stated that land values have substantially increased during the past few years in Bloomington, requiring an adjustment in the appraisals given for comparable sales.

Petitioner called Alberta Brennan, the president and director of Brennan, Inc., pursuant to section 60 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 60). At the time of trial, Mrs. Brennan owned all but one share of the corporation's common stock. She testified that the sole asset of Brennan, Inc., was the Prairie Travler Motel and that she and her late husband, Michael J. Brennan, had operated the motel since acquiring it in 1968. Mrs. Brennan was asked if she had an opinion as to the value of the motel property on January 29, 1975, but her counsel successfully objected to that question for the reason that no foundation had been laid for her opinion testimony. Thereafter, she stated that she had been active in the motel business prior to 1968, that she participated in the 1968 purchase of the Prairie Travler Motel, that she operated the motel after 1968, that she kept abreast of the values of motel-type properties and that she had a fair working knowledge of the value of the Prairie Travler Motel. Without objection, she was again asked her opinion of the subject property's value on the date the instant petition was filed, January 29, 1975. Mrs. Brennan replied that the motel's value was in excess of $1,000,000 and that its value had increased since the filing of the petition.

Mrs. Brennan was then shown a certified copy of the Illinois inheritance tax return for the estate of her husband who had died on August 7, 1975, approximately 6 months after the petition to condemn was filed. Mrs. Brennan admitted that she had signed the return as the executor of her husband's will and she identified her signature which had been acknowledged before a notary public. The return contained an appraisal of the Prairie Travler Motel's value at $525,000. The court, however, refused to admit the inheritance tax return into evidence, although petitioner included it in an offer of proof.

Petitioner's witness Gutschenritter was not permitted to testify to a sale of the Prairie Travler Motel which occurred in 1968. The witness testified that there had only been two sales of motels in the Bloomington-Normal area in recent years, one being the 1970 sale of the Coachman Motel which he used as a comparable sale and the other being the 1968 sale of the subject property. Petitioner's witness Stoutamoyer was also not permitted to testify concerning the 1968 sale.

The sole question presented for review is whether the trial court abused its discretion in refusing to admit the Inheritance Tax return and in refusing to admit evidence reflecting the subject property's 1968 purchase price.

■■   Where the jury views the subject property and returns a verdict within the range of the evidence, their finding will not be disturbed unless there has been a clear and palpable mistake, or some erroneous ruling which might have misled the jury, or if the verdict was the result of passion and prejudice. (*E.g., County Board of School Trustees v. Elliott* (1958), 14 Ill. 2d 440, 444-45, 152 N.E.2d 873; *Lake County Forest Preserve District v. Continental Illinois National Bank & Trust Co.* (1976), 35 Ill. App. 3d 942, 952, 343 N.E.2d 6.) It is also well settled that the admissibility of evidence on the question of compensation in eminent domain cases is a matter resting within the discretion of the trial court. *E.g., City of Evanston v. Piotrowicz* (1960), 20 Ill. 2d 512, 523, 170 N.E.2d 569; *City of Chicago v. Vaccarro* (1951), 408 Ill. 587, 600, 97 N.E.2d 766.

The respondents contend that the question of whether an owner's valuation of property for the purposes of the Illinois inheritance tax can be used against him in a later eminent domain proceeding has not been decided by our courts. We note, however, that in *County of Cook v. Vulcan Materials Co.* (1959), 16 Ill. 2d 385, 158 N.E.2d 12, our supreme court reversed a jury's compensation and damages award in an eminent domain case where the trial court erroneously admitted a balance sheet containing property, plant, and equipment valuations which had been filed with the Securities and Exchange Commission. In *Vulcan Materials*, the court stated:

"Cases from other jurisdictions, which permit the introduction of the property owner's returns for property tax assessments in eminent domain proceedings for impeachment purposes, are cited by petitioner as analogous. We have held that statements of value for tax assessment purposes are inadmissable in condemnation proceedings on the issue of market value for the reason that they are not and do not purport to be statements of market value, (*City of Chicago v. Harrison-Halsted Building Corp.* 11 Ill. 2d 431,) and are not persuaded that a contrary rule should be adopted.

The balance sheet was based in part on a previous appraisal made more than 17 years prior to the date of the balance sheet and 18 years prior to the filing of the petition in this cause. The previous appraisal was not produced nor was the method used in arriving at it explained. The balance sheet did not necessarily indicate the fair cash market value, nor did it purport to do so. It was based in part on book value, which did not reflect the decided inflationary trend between 1937 and 1954, nor the probable increase in the company's value by virtue of the location of its plant and large quantity of stone in a fast growing area requiring its products and in which quarrying is permitted under ever more restrictive zoning regulations.

We are of the opinion that the balance sheet was not relevant to

the issue of fair cash market value and should not have been admitted in evidence." 16 Ill. 2d 385, 392-93, 158 N.E.2d 12, 16.

■■ In the instant case, Mrs. Brennan's statements were made in her capacity as the executor of her husband's estate and not as the owner. As an executor she acted as a trustee who is held to the highest standard of conduct, being required to exercise the utmost good faith and undivided loyalty in the administration of the property under her control. She was, therefore, duty-bound to submit the lowest possible good faith estimate of the motel's market value for inheritance tax purposes.

■■ In addition, different standards of valuation are employed in eminent domain and inheritance tax appraisals. In eminent domain cases, just compensation for condemned property is fair cash market value of the realty evaluated at its highest and best use. (*Department of Public Works & Buildings v. An Association of Franciscan Fathers* (1976), 44 Ill. App. 3d 49, 54-57, 360 N.E.2d 70, 75-77.) There is, on the other hand, no reference to highest and best use in the inheritance tax statute. Rather, assets are to be appraised for inheritance tax purposes at cash or market value. Ill. Rev. Stat. 1975, ch. 120, par. 385; *In re Estate of Barker* (1976), 63 Ill. 2d 113, 121, 345 N.E.2d 484.

It is, therefore, clear that the comparison of different property appraisals prepared for eminent domain and inheritance tax purposes is tantamount to a comparison of items as dissimilar as apples and oranges.

■■ Although the inheritance tax return might have had some very limited use in impeaching Mrs. Brennan's estimate of the motel's value, we find that the court did not abuse its discretion in refusing to permit its introduction. (*Vulcan Materials*.) At the same time, however, it is clear that the return could not be used as affirmative evidence to establish the actual value of the property because of the radical differences in the standards of valuation employed in the areas of eminent domain and inheritance taxation. Had the trial judge allowed the return to be used for impeachment, an instruction limiting its use to impeachment of Mrs. Brennan's opinion would necessarily have to be given to the jury.

■■ The question of whether the 1968 sale of the subject property should have been allowed into evidence is also a matter reserved for the trial judge's sound exercise of discretion. In exercising that discretion, the judge should consider whether the sale is bona fide, voluntary, not too remote in time, and of substantially the same character. (*Metropolitan Sanitary District v. Industrial Land Development Corp.* (1970), 121 Ill. App. 2d 393, 399, 257 N.E.2d 532.) No one of these factors should be considered alone; rather, all of the facts and circumstances presented in the case should be considered in conjunction with the aforementioned factors.

■■ Petitioner alleges that the court abused its discretion in refusing to

admit evidence of the 1968 sale of the subject property because there was only one other recent, comparable motel sale in the Bloomington area and because of the similarity in the motel's condition in 1968 and 1975. The jury, however, was presented with the testimony of expert appraisers for both sides and the award actually entered was within the range of that testimony. One of petitioner's own witnesses testified to a substantial increase in recent property valuations in Bloomington. Accordingly, we cannot say that the trial court abused its discretion in refusing to admit evidence of the 7-year-old sale of the subject property.

For the foregoing reasons, we affirm the judgment of the circuit court awarding the respondents $90,900 compensation and damages for the condemned property.

Affirmed.

CRAVEN, P. J., and SLATER, J., concur.