CATHERINE SIEBACH, a Minor, by Edward Siebach, her Father and Next Friend, Plaintiff-Respondent-Appellee, *v.* JEROME J. PIENTA, Defendant-Petitioner-Appellant.—(LESLIE A. GLYNN, a Minor, by Lester Glynn, her Father and Next Friend, Defendant-Respondent-Appellee.)—JEROME J. PIENTA, Plaintiff-Appellant, *v.* LESLIE GLYNN *et al.*, Defendants-Appellees.

Third District   Nos. 77-377, 77-378 cons.

Opinion filed June 13, 1978.

John Olivero and William La Sorella, both of Peru, for appellant.

Alexander T. Bower and William T. Surin, both of Ottawa, for appellees.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:
A consolidated appeal from orders entered in the Circuit Court of La Salle County is presented in this cause. The plaintiff, Catherine Siebach, a minor, first instituted action against defendants, Jerome J. Pienta and Leslie A. Glynn, to recover damages for personal injury suffered in an automobile accident. Judgment was entered in that cause in

favor of plaintiff Siebach and as against defendants Pienta and Glynn, under circumstances hereinafter described. Thereafter, Jerome Pienta filed an action seeking to recover from defendant Glynn for personal injuries and property damages which Pienta suffered in the same automobile accident which had been the basis for Siebach's claim. Following a motion to dismiss the Pienta action as against Glynn, the court there dismissed Pienta's action on the basis that the judgment entered in Siebach's action estopped Pienta from bringing his action as against Glynn.

Pienta then petitioned under section 72 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72), which petition sought vacation of the judgment entered against Pienta in the Siebach action. The circuit court dismissed Pienta's petition under section 72.

On the consolidated appeal now in this court, Pienta contends that (1) the circuit court erred in dismissing his complaint as against Glynn, and (2) the circuit court erred in dismissing his petition for relief pursuant to section 72 of the Civil Practice Act.

The record discloses that on May 28, 1974, Catherine Siebach brought her action as against defendants Pienta and Glynn to recover for personal injuries which Siebach received in an automobile collision. Pienta and Glynn were, respectively, drivers of two automobiles involved in the collision and Siebach was a passenger in the automobile driven by Glynn.

In answers to interrogatories, Pienta stated that he intended to eventually make a claim as against Glynn as a result of the automobile accident and this apparently was made known to the parties in the case. On September 9, 1975, the circuit court entered a judgment order in the Siebach action which recited formally that the court had "heard testimony and arguments of counsel" and had been "fully advised in the premises." The order made no specific findings of fact in relation to Siebach's claim, but generally ordered that Siebach "have and recover as her full and complete damages of the defendants, the sum of Seven Thousand ($7,000.00) Dollars."

On January 30, 1976, Pienta filed a complaint as against defendants Leslie Glynn and Lester Glynn (Leslie's father), in which Pienta sought recovery for personal injuries and property damage sustained in the same automobile accident which had been the basis for the Siebach suit as against Pienta and Glynn. On March 26, 1976, defendants Glynn answered Pienta's complaint in which they contested the usual allegations of negligence by Glynn and freedom from contributory negligence by Pienta. It was not until May 12, 1976, that defendants filed a motion to dismiss Pienta's complaint on the ground that the judgment order entered in the Siebach action estopped Pienta from alleging freedom from

contributory negligence in the action as against the Glynns. On July 22, 1976, the trial court granted the motion to dismiss. Pienta moved to vacate the order on August 13, 1976, and on November 3, 1976, filed a petition under section 72 of the Civil Practice Act to vacate the judgment entered in the Siebach action. The petition filed by Pienta alleged that Siebach's claim had been settled prior to the hearing in the case and prior to the entry of the judgment as against Pienta and Glynn, and asserted also that the insurance company of each defendant in the cause (Pienta and Glynn) had agreed to pay Siebach $3,500 each in settlement of her claim. The Glynns filed a motion to dismiss Pienta's section 72 petition and, on January 15, 1977, the trial court entered an order dismissing the petition. On June 24, 1977, the circuit court entered an order (in Pienta's action against defendants Glynn) denying Pienta's motion to vacate the order dismissing the complaint.

■■ On the basis of the record and the issues raised in this cause, we believe it is pertinent to consider the contention of Pienta on appeal, that the circuit court erred in dismissing Pienta's action as against the Glynns on the ground that the judgment entered in the Siebach action estopped Pienta from alleging freedom from contributory negligence in his action as against the Glynns. While Pienta has not clearly argued or presented this issue on appeal, he claimed error on oral argument and by raising the issue as a ground for appeal. We note, also, that, as stated in *City of Wyoming v. Illinois Liquor Control Com.* (3d Dist. 1977), 48 Ill. App. 3d 404, 407-08, 362 N.E.2d 1080:

> "Although Supreme Court Rule 341 indicates that points not argued in the appellant's brief are deemed waived and are not to be raised for the first time in the appellant's reply brief [citation], that statement is not a limitation on a reviewing court's jurisdiction, but is an admonition to the parties. [Citation.] '[U]nder Rule 366 (Ill. Rev. Stat. 1975, ch. 110A, par. 366) a reviewing court may, in the exercise of its responsibility for a just result, ignore consideration of waiver and decide a case on grounds not properly raised or not raised at all by the parties.' "

(Accord, *Century Display Manufacturing Corp. v. D. R. Wager Construction Co.* (1st Dist. 1977), 46 Ill. App. 3d 643, 360 N.E.2d 1346.) Plaintiff Pienta contends that the trial court erred in applying the estoppel doctrine as a basis for the motion to dismiss. We believe, in the interests of a just result in the instant case, we should consider this issue on appeal in this cause.

The principle of estoppel by judgment was stated by the court in *Zalduendo v. Zalduendo* (1st Dist. 1977), 45 Ill. App. 3d 849, 857, 360 N.E.2d 386, as follows:

> "The rule of estoppel by judgment provides that a final judgment

on the merits rendered by a court of competent jurisdiction is a bar to any subsequent litigation between the parties where the same cause of action is involved. [Citation.] The cause of action merges into the judgment and precludes the relitigation of not only the matters which were litigated but also of matters which should properly have been litigated in the original action. [Citation.] Where the subsequent litigation is based on a different cause of action, collateral estoppel precludes parties or their privities from relitigating facts which were specifically determined therein. [Citation.]"

A further consideration is outlined by the Illinois Supreme Court in *Lange v. Coca-Cola Bottling Co.* (1969), 44 Ill. 2d 73, 75, 254 N.E.2d 467, where the court says:

"The governing principle was stated in *Hoffman v. Hoffman*, 330 Ill. 413, 418: 'To operate as an estoppel by verdict it is absolutely necessary that there shall have been a finding of a specific fact in the former judgment or record that is material and controlling in that case and also material and controlling in the pending case. It must also conclusively appear that the matter of fact was so in issue that it was necessarily determined by the court rendering the judgment interposed as a bar by reason of such estoppel. If there is any uncertainty on the point that more than one distinct issue of fact is presented to the court the estoppel will not be applied, for the reason that the court may have decided upon one of the other issues of fact. [Citations.]' "

In the instant action, it is clear that Pienta's lawsuit, seeking to recover from defendants Glynn for his personal injuries and property damage sustained in the accident, is a cause of action different than Siebach's action, which sought recovery from both Pienta and Glynn for Siebach's personal injuries in the incident. For the judgment in the Siebach action to collaterally estop Pienta in the action as against the Glynns, it would be required to clearly appear that facts material and controlling to Pienta's action were specifically and necessarily decided as material and controlling facts in the Siebach action. We note that the judgment entered in the Siebach action was a general judgment in favor of Siebach and as against both defendants Pienta and Glynn and, that the judgment contained no specific findings of fact regarding the automobile accident.

■■ The judgment in the Siebach action could well have resulted from the circuit court's determination that both Pienta and Glynn conducted themselves negligently toward Siebach, with each contributing to Siebach's injuries, or the court was accommodating the parties in an action involving a minor plaintiff by an entry of an agreed judgment in favor of Siebach which would not be vulnerable on the ground of the

claimant Siebach's minority. The issues presented by Pienta's claim as against the Glynns, concern the negligence, if any, of the Glynns and of Pienta toward Pienta himself and, therefore, involved somewhat different factual questions than those presented by the substance of the Siebach action. The record indicates that the judgment entered in the Siebach action could have resulted from representations to the court (as alleged by Pienta) that Siebach had reached the settlement agreement with Pienta's and Glynns' insurance companies and that the court simply entered the judgment order in furtherance of the settlement agreement. It is, therefore, not clear from the record in the Siebach action what operative facts, if any, were determined therein which were material and controlling in both Siebach's and Pienta's actions. Under such circumstances, we conclude that it was error for the Circuit Court of La Salle County to find that Pienta was collaterally estopped by the judgment entered in the Siebach action from alleging his freedom from contributory negligence in his action as against the Glynns.

The record discloses that the parties knew that Pienta had asserted that he would file an action as against the Glynns and, also, that Pienta was not present at the disposition of the Siebach action, which, on the basis of the affidavits, appeared to have been handled by insurance counsel for the defendants in that cause.

For the reasons stated, therefore, the judgment of the Circuit Court of La Salle County dismissing Pienta's complaint as against the Glynns on the ground of collateral estoppel is reversed and this cause is remanded for further proceedings in such court consistent with the views expressed in this opinion.

On the basis of the record before us in the consolidated cases, it was neither necessary nor proper for the court to vacate the judgment as requested in the section 72 petition. The action of the trial court in refusing to vacate the judgment in favor of Siebach is affirmed.

Affirmed in part; reversed and remanded in part.

STOUDER and STENGEL, JJ., concur.