THE DEPARTMENT OF TRANSPORTATION, Petitioner-Appellant, *v.*
ANTHONY J. PROMBO *et al.*, Defendants-Appellees.

Third District   No. 77-412

Opinion filed August 18, 1978.

STENGEL, J., dissenting.

William J. Scott, Attorney General, of Springfield (Roy E. Frazier, Jr., and John A. Hayner, Assistant Attorneys General, of counsel), for appellant.

August Black, of Black & Black Law Firm, of Morris, for appellees.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:
This appeal was brought by the Department of Transportation of the State of Illinois from a directed verdict in an eminent domain proceeding.

By reason of the directed verdict, the property in question was valued at $32,500.

Prior to trial, the respondent, Anthony J. Prombo, filed a discovery motion requesting that the petitioner produce copies of all its appraisals, its statistical data on comparable sales or other sales relative to the appraisals, and the addresses of all appraisers who had made appraisals for the petitioner. The trial court, without making the order reciprocal or continuing, directed the petitioner to produce the sought-after information, and the petitioner complied.

On April 15, 1977, this cause was set to be tried on May 2, 1977, and on April 19, the petitioner filed a motion to limit valuation witnesses testifying at the trial to those individuals who were disclosed in writing to the trial court and to the opposing party on or before April 26 and to limit the introduction of similar sales to those sales as had been presented to the trial court on or before April 26. The trial court denied this motion in its entirety, but the parties were ordered, in a continuing order, to disclose to the opposing party the names of individuals who had been contacted concerning the valuation of the property. On Saturday, April 30, the petitioner received a letter from the respondent stating that on April 29 the respondent's attorney had discussed the matter of appraisal with Charles Turner. Petitioner never received a copy of a written appraisal from Turner.

On May 2, the respondent made a motion in limine to exclude any evidence concerning the respondent's purchase of the property in question on May 9, 1972, his attorney arguing that the sale was too remote, that the sale was not an arms-length transaction because the then seller was in very bad health, and because the respondent might become prejudiced, by the jury thinking that the respondent was attempting to make a large profit through these proceedings. The trial court, taking judicial notice of the fast-changing neighborhood, the growth of the city and the rapid development of eating establishments, granted the respondent's motion because the sale of the property in question to the respondent was too remote in time. The trial court added, "[t]his is, I am sure, way, way beyond any reasonable period that should be included to consider this a comparable sale type thing."

During the trial, the petitioner's only appraisal witness, Robert Vandervort, was ordered by the trial court, upon motion by the respondent, not to testify concerning a number of sales which he considered in making his appraisal but which were not disclosed to the respondent pursuant to the order of the court on the respondent's discovery motion. During cross-examination, the petitioner's appraiser admitted that he had considered the sales testimony about which there had been an earlier objection, in arriving at his appraisal of the property

in question. Thereafter, the respondent moved to strike the entire testimony of the petitioner's witness, because the witness' testimony was based, in some part, on these sales which were never disclosed in discovery. This motion was granted.

Thereafter, Charles Turner testified as an appraiser for the respondent, valuing the property in question at $32,500. Turner testified that he did not go on the subject property until the day before he testified, having examined the property on the morning the trial began, and that, in appraising this property, he considered four parcels acquired by a local bank in an assemblage, which sales occurred one in January 1972, two in September 1972, and one in September of 1973. Turner admitted that because these sales were from an attempt by a bank to acquire all four pieces of property, it is possible the bank paid premium prices.

The petitioner moved to strike Turner's testimony on the basis that Turner's definition of fair market value was improper, and that the comparable sales used by Turner were not comparable because they were part of an assemblage and they were remote in time. This objection was overruled. However, at the end of all the evidence, the respondent moved for a directed verdict setting the just compensation at $32,500. This motion was granted by the trial court, and the petitioner appealed.

The petitioner challenges the determination of the trial court by raising four issues. The first of these is whether the trial court erred by denying the petitioner's motion to limit valuation witnesses and similar sales to those submitted to the trial court and opposing counsel by April 26, 1977. The basis of the petitioner's complaint in this area is that the late acquisition of an appraiser and notification to the petitioner was prejudicial in that the petitioner had no opportunity to take a deposition of the respondent's appraiser. Furthermore, the petitioner argues, the trial court should have held a pretrial conference to consider limiting the number of witnesses. Illinois Supreme Court Rule 218 provides that a trial court may elect to hold a pretrial conference to consider limiting the number of expert witnesses. Ill. Rev. Stat. 1977, ch. 110A, par. 218.

■■ However, the petitioner, in objecting to Turner's testimony, never argued that he should not be allowed to testify because of the late disclosure by the respondent. Nor did the petitioner seek a continuance to pursue discovery. Furthermore, the petitioner did not request a pretrial conference, even though the petitioner did make a motion to limit witnesses. In any event, it is within the trial court's discretion to hold such a pretrial conference, and although it may be a better practice for the trial court to hold such a pretrial conference, we can not conclude that the trial court abused its discretion by not holding the pretrial conference. Nor can we conclude that the trial court abused its discretion by denying the petitioner's motion to limit witnesses, the petitioner failing to cite

any authority which suggests that a trial court ought to grant such a motion. Similarly, though it may be a better practice for the trial court to grant such a motion to avoid the type of last minute surprises as occurred in this case, such a decision is within the discretion of the trial court. In fact, it would seem that the response of the trial court to such a motion should be to grant the motion unless some reason not to do so is clearly shown by the opposing party. However, an abuse of discretion is not here evidenced by the surprise occurring, especially where complaining petitioner failed to object to the witness' testimony on the grounds of surprise, and thereby, failed to give the trial court an opportunity to change its ruling. To that extent, the petitioner has waived the issue.

■■ The petitioner's second issue is whether the trial court erred by striking the testimony of the petitioner's appraisal witness. The petitioner's witness testified that, in appraising the subject property, he considered certain sales of commercial property which, although subject to the discovery order requiring the disclosure of comparable and other sales relative to the appraisal, were not disclosed to the respondent. When a party refuses or fails to comply with any order entered under the Illinois Supreme Court Rules pertaining to discovery, the trial court, on motion by the opposing party, may enter an order barring a witness from testifying concerning that issue. (Ill. Rev. Stat. 1977, ch. 110A, par. 219(c)(iv).) And the Illinois Supreme Court has recently indicated support for the unhesitating imposition of sanctions for the violation of discovery orders. (*Buehler v. Whalen* (1977), 70 Ill. 2d 51, 374 N.E.2d 460.) Therefore, the trial court did not err by striking the testimony of the petitioner's appraisal witness.

Next, the petitioner asks this court to decide whether the trial court erred by refusing to strike the testimony of the respondent's appraisal witness. The petitioner complains that Turner's testimony as to valuation of the subject property was based on sales which were part of an assemblage having a special value to the buyer and with which Turner was not personally familiar.

Of the comparable sales testified to by Turner, he purchased one of the properties for the bank in question, and he acquired knowledge of the other sales by discussing them with the purchaser's representative. The bank was apparently seeking all these properties for a parking lot. The petitioner argues that because the bank was attempting to acquire four adjacent properties these sales should be considered not comparable.

■■■ Unless such proof causes confusion, evidence of voluntary sales in the same area, at or about the time of filing, are admissible to aid in establishing the value of the subject property. (*City of Chicago v. Blanton* (1958), 15 Ill. 2d 198, 154 N.E.2d 242.) There is no general rule governing the degree of similarity required between the properties sold and the

subject properties. (*City of Evanston v. Piotrowicz* (1960), 20 Ill. 2d 512, 170 N.E.2d 569.) Therefore, the admissibility rests with the sound discretion of the trial court and a determination by the trial court will not be a basis for a reversal absent an abuse of discretion. (*Forest Preserve District v. Yelk* (1st Dist. 1969), 115 Ill. App. 2d 78, 252 N.E.2d 917.) To be similar, the properties need not be identical, and where there is a reasonable basis for comparison, the dissimilarities between the properties affect the weight and value the jury gives the testimony rather than the competency of the evidence. (*City of Evanston v. Piotrowicz* (1960), 20 Ill. 2d 512, 170 N.E.2d 569.) A sale may be considered not comparable if a "special value" is placed on the property by the purchaser, for example if property adjacent to a business is acquired for the purpose of expanding the business and creating a parking lot. *Trustees of Schools v. Chicago City Bank & Trust Co.* (1st Dist. 1970), 126 Ill. App. 2d 302, 262 N.E.2d 80.

In this case, there was no testimony, even on cross-examination, of whether the four sales described by Turner involved lots adjacent to the bank or whether there were other possible directions for the bank to expand or create parking facilities. Nevertheless, at least one of these sales should not have been considered a comparable sale.

■■ The first three properties purchased by the bank (one in January 1972, and two in September 1972) were purchased for $7.61 per square foot, $7.14 per square foot and $6.79 per square foot, respectively. However, the last parcel purchased, completing the assemblage in September 1973, cost $15.90 per square foot. It is apparent that the bank, having acquired three of the four properties, placed a "special value" on this property and was forced to pay a premium. This sale is not comparable and should not have been admitted into evidence.

It is the burden of the party offering the comparable sales to support the similarity of the properties offered to the contested property. (*Trustees of Schools v. Chicago City Bank & Trust Co.* (1st Dist. 1970), 126 Ill. App. 2d 302, 262 N.E.2d 80.) On remand, therefore, we expect that the "special value" status of the other three lots sold to the bank, as testified to by Turner, will be clarified by the respondent. Certainly, if the trial court finds that these parcels are related to some special purpose of the bank, they too ought not be admitted into evidence.

The fourth issue raised by the petitioner questions the propriety of the ruling of the trial court on the preclusion of evidence concerning respondent's purchase of the subject property on May 9, 1972. The trial court ruled that this purchase was too remote.

■■ Generally, the price paid by the owner is a factor to be considered in setting value as long as the sale was recent, the transaction was voluntary and no change in conditions or marked fluctuations in values have

occurred since the sale. (*Forest Preserve District v. Krol* (1957), 12 Ill. 2d 139, 145 N.E.2d 599.) Of course, whether to allow the sale to the present owner into evidence is within the discretion of the trial court. *Department of Transportation v. Prairie Traveler, Inc.* (4th Dist. 1977), 52 Ill. App. 3d 799, 368 N.E.2d 144.

■■ In granting the respondent's motion to preclude this evidence, the trial court cited the remoteness in time and the rapid development of the area. The substantial increase in recent property valuation may alone have been a sufficient basis for granting this motion, the petitioner's appraisal witness having testified to a rapid increase in values. (See *Department of Transportation v. Prairie Traveler, Inc.* (4th Dist. 1977), 52 Ill. App. 3d 799, 368 N.E.2d 144.) However, the fact that the trial court considered this sale too remote leads to the logical inference that the comparable sales testified to by Turner were also too remote in time. This was one of the grounds of objection by the petitioner to Turner's testimony, leading to the conclusion that the trial court abused its discretion by denying the petitioner's objections to Turner's testimony of comparable sales.

The dissent of Justice Stengel suggests that, in deciding that the trial court erred by making logically inconsistent rulings on 1972 sales, we are deciding an issue the petitioner has waived, *i.e.*, the remoteness of the 1972 comparable sales. However, in the interest of seeking a just result in the instant case, a determination of this issue is required. See *Siebach v. Pienta* (3d Dist. 1978), 60 Ill. App. 3d 645, 377 N.E.2d 393; *City of Wyoming v. Liquor Control Com.* (3d Dist. 1977), 48 Ill. App. 3d 404, 362 N.E.2d 1080.

Accordingly, the judgment of the Circuit Court of Grundy County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

ALLOY, J., concurs.

Mr. JUSTICE STENGEL, dissenting:

I must respectfully dissent from the decision reached in this cause by my distinguished colleagues. The majority reverses the judgment of the trial court because of the court's supposedly erroneous denial of the Department's objections to the testimony of defendants' appraiser concerning comparable sales which took place in 1972. The opinion concludes that, having granted defendants' motion *in limine* as to his 1972 purchase, the court abused its discretion by receiving evidence of the 1972 comparables.

This conclusion seems logical at first blush but on closer examination, it

ignores the salient fact that on appeal the Department has waived any such error, if error it was, by arguing at length that the 1972 purchase transaction was not too remote. While the Department does argue that the appraisal testimony was objectionable, the reason advanced is that the comparable sales were a special value situation, not that they were too remote.

In my view the Department has failed to establish that the trial court abused its discretion in ruling on the evidence in this case. For that reason, I would affirm.