### STATE HIGHWAY COMMISSION *v.* McGUIRE

1. EMINENT DOMAIN—CONDEMNATION—DAMAGES—EVIDENCE—PURCHASE PRICE.

    Proof of purchase price in a condemnation proceeding is generally admissible for the purpose of aiding the fact finder in its determination of the present value of condemned land.

2. EMINENT DOMAIN—CONDEMNATION—DAMAGES—EVIDENCE—PURCHASE PRICE—REMOTENESS IN TIME.

    Purchase price of land in a condemnation proceeding may be inadmissible where it is too remote in time.

3. EMINENT DOMAIN—CONDEMNATION—PURCHASE PRICE—REMOTENESS IN TIME—ECONOMIC AND PHYSICAL CHANGES.

    A nine-year interval between the purchase of land and its condemnation does not render the purchase price patently inadmissible but the lapse of time coupled with economic and physical changes affecting the property may present the purchase price from fairly reflecting on its present value.

4. EMINENT DOMAIN—CONDEMNATION—DAMAGES—PURCHASE PRICE—ADMISSIBILITY.

    Proof of the purchase price of land nine years before its condemnation did not fairly reflect upon the land's present worth and had no probative value where the land was purchased

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 27 Am Jur 2d, Eminent Domain § 428.

Admissibility, in eminent domain proceedings, of evidence as to price paid for condemned real property on sale prior to the proceeding. 55 ALR2d 791.

[5] 27 Am Jur 2d, Eminent Domain § 471.

primarily for its agricultural potential, · but at the time of condemnation was in the midst of a rapidly expanding commercial and residential setting.

5. EMINENT DOMAIN—APPEAL AND ERROR—EVIDENCE—ADMISSIBILITY.

In condemnation proceedings where inadmissible and prejudicial testimony is received and acted upon by the jury, as shown by a very low damage award, the Court of Appeals may reverse on appeal.

Appeal from Saginaw, Fred J. Borchard, J. Submitted Division 3 October 9, 1970, at Grand Rapids. (Docket No. 6699.)   Decided December 9, 1970.

Condemnation proceedings by Michigan State Highway Commission against Gerald and Ruth McGuire to acquire property. Verdict and judgment for plaintiff. Defendants appeal. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Thomas D. Stone,* Special Assistant Attorney General, for plaintiff.

*Robert R. Day* for defendants.

Before: HOLBROOK, P. J., and R. B. BURNS and J. J. KELLEY, JR.*, JJ.

R. B. BURNS, J.   The sole question on appeal from this condemnation proceeding originated during cross-examination of the landowner and appellant. The state's attorney was permitted, over objection, to question appellant concerning the original purchase price of the condemned property. Appellant claims the trial court erred in permitting such in-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

quiry and testimony because the purchase was approximately nine years prior to the present condemnation and in no way reflected the present value of the land.

Proof of purchase price as a general rule is admissible for the purpose of aiding the fact finder in its determination of the present value of condemned land. *In re Petition of Dillman* (1933), 263 Mich 542. This general rule, however, is subject to the qualification that a purchase price may be rendered inadmissible where it is remote in time. *In re Petition of Dillman, supra; cf. In re Memorial Hall Site (Detroit* v. *Ehinger)* (1947), 316 Mich 360.

A nine-year interval between the purchase of the land and its condemnation does not render the purchase price patently inadmissible. The elapse of time coupled with economic and physical changes affecting the property are the factors to be considered. *See generally,* 5 Nichols on Eminent Domain, § 21.2; 27 Am Jur 2d, Eminent Domain, § 428, p 326. Where substantial fluctuation of economic and physical conditions occur then the original purchase price may not be a fair reflection upon present value of the condemned land.

Testimony in this case indicates that economic and physical changes occurred during the nine-year interval. The land in question, when purchased nine years prior to condemnation, was acquired primarily for its agricultural potential. Now the land is located in the midst of a rapidly expanding commercial and residential setting. The original purchase price does not fairly reflect upon the land's present worth and has no probative value whatsoever.

Whether the time of buying the property was so remote that the price would afford no indication of the value at the time of taking was largely within

the discretion of the trial judge. But where the inadmissible and prejudicial testimony is received and acted upon by the jury in a condemnation proceeding this Court may reverse. *Western Michigan University Board of Trustees* v. *Slavin* (1968), 381 Mich 23.

The trial court in this case had second thoughts about admitting testimony as to the original purchase price. Admitting its error the court gave the following "curative" instructions:

"I further charge you that you are to disregard the testimony as to the purchase price of the property as testified to by Mr. McGuire when arriving at your verdict. This testimony is stricken * * * from the record and should not be considered by you in arriving at your verdict."

It is difficult to conceive how this "curative" instruction could wipe out the prejudicial effect of the purchase-price testimony. The jury verdict was the lowest possible amount which could have been rendered within the range of testimony. The "curative" instruction could not have, to any significant degree, mitigated the prejudicial effect of the purchase-price testimony.

Reversed and remanded for a new trial.

All concurred.