City of Columbus, Appellee, *v.* Wilcox et al., Appellants.

(No. 75AP-264—Decided November 13, 1975.)

*Mr. James J. Hughes, Jr.*, city attorney, *Mr. Robert A. Bell* and *Mr. Charles L. Price*, for appellee.

*Messrs. Clagg & Ford* and *Mr. Alan G. Anderson*, for appellants.

Whiteside, J. Defendants appeal from a judgment of the Franklin County Court of Common Pleas upon a jury verdict assessing the compensation to be paid defendants for certain property appropriated by the plaintiff city herein. Defendants have set forth a single assignment of error raising a single issue, as follows:

"The court erred in overruling the motion of James L. Wilcox and Therll W. Clagg is disallowed the presentation of evidence as to the purchase price of the original property."

Unfortunately, there is no transcript of proceedings herein, defendants apparently having concluded that none is necessary, and plaintiff not having objected or requested that any portion of the proceedings be included in a transcript of proceedings. The record does reflect that, on Feb-

ruary 18, 1975, defendants filed a motion seeking an order precluding the introduction of evidence as to the purchase price they had paid for the subject property and stating that they had purchased the property in December, 1972, for a total purchase price of $16,722.04. On April 25, 1975, this motion was overruled by the trial court. The record further reflects that the council of the city of Columbus determined the value of the property appropriated to be $60,-700 and deposited that amount with the court at the time of filing the complaint. By verdict dated May 9, 1975, the jury assessed the compensation to be paid defendants for their property to be $63,500.

The only other matter in the record having any possible bearing upon the issues presented herein is defendants' answers to interrogatories, indicating that they had expended $42,067.63 in repair and improvement of this property since their purchase thereof. However, a small percentage of the items listed could not constitute improvements in any event, including utilities paid, management expenses, real estate tax, insurance, advertising, and loan payments.

Upon the record before us, we are unable to find any abuse of discretion or prejudicial error on the part of the trial court in overruling, prior to trial, defendants' motion to preclude evidence of the purchase price they had paid for the property less than two and one-half years prior to the trial. See the second and ninth paragraphs of the syllabus of *Ohio Turnpike Commission* v. *Ellis* (1955), 164 Ohio St. 377. Although neither the date of take, nor the date of valuation, appears in the record, the jury verdict is dated May 9, 1975, slightly less than two and one-half years after the purchase of the property by defendants, assuming they purchased it in December, 1972, as stated in the memorandum in support of their motion to preclude evidence of the purchase price.

In order to sustain defendants' position herein, it would be necessary to find that the trial court abused its discretion and committed prejudicial error in overruling, prior to trial, defendants' motion to exclude evidence of the pur-

chase price. At that time, there was nothing before the trial court which would demand or require that the evidence be excluded. Defendants were, of course, free to renew their objection to such evidence at the trial if and when it was offered. At that time, based upon the evidence then before the trial court, the trial court might, or might not, reach a different conclusion. In any event, defendants were free to introduce all evidence concerning the circumstances and conditions of the property and the neighborhood at the time of their purchase and evidence concerning the improvements they had made to the property and any changes in the neighborhood since their acquisition thereof. Since the eventual verdict is nearly four times the amount of the alleged purchase price, and, in view of the lack of any indication in the record as to the value evidence adduced at trial through expert appraisal witnesses, there is nothing in the record herein which would demonstrate that defendants were prejudiced by the introduction into evidence of the purchase price they paid for their property in December, 1972, assuming such evidence was introduced at trial, which does not affirmatively appear from the record before us.

Evidence of the purchase price the property owners paid for property appropriated two and one-half years previously is not per se inadmissible merely because the property owners allege that they have made substantial improvements in the property since the purchase and that there has been a change in the character of the neighborhood since the purchase. At the time of overruling the pretrial motion, the trial court had no evidence before it upon which to predicate a determination of the admissibility of the purchase price. Clearly, the elapse of only two and one-half years between the time of purchase and the time of trial is not such a great lapse of time that the purchase price per se would afford no fair measure of the value of the property at the time of trial.

Likewise, the fact that the council of the city of Columbus had determined the value of the property to be $60,700 would not per se render inadmissible the substan-

tially lower purchase price approximately 18 months prior to such councilmanic determination.

Predicated upon the record before us, we must find the assignment of error to be not well taken.

For the foregoing reasons, the assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P. J., and REILLY, J., concur.