WEST VIRGINIA DEPARTMENT OF HIGHWAYS,

*a corporation*

*v.*

MOUNTAIN INC., *An Ohio Corporation, et al.*

*and*

WHEELING PROPERTIES, INC.,

*a corporation*

(No. 14883)

Decided June 16, 1981.

*McCamic & McCamic and Jeremy C. McCamic* for appellant.

*William G. Petroplus* for appellee.

MCHUGH, JUSTICE:

On June 30, 1976, the West Virginia Department of Highways instituted this eminent domain proceeding to condemn certain property owned by appellant, Mountain

Inc., (formerly Wheeling Properties, Inc.) in Ohio County for the purpose of constructing a portion of the highway system known as Interstate 470. The Department sought certain rights of way and easements over approximately 13.96 acres of Mountain Inc. property. The court granted the petition of the Department of Highways to condemn the property, and pursuant to *W.Va. Code*, 54-2-5, condemnation commissioners were appointed to determine the amount of just compensation due the appellant for the condemned property.

The condemnation commissioners found the amount of $200,000 to be just compensation; both parties filed exceptions to the finding under *W.Va. Code*, 54-2-10, and on May 22, 1979, the case was tried by a jury of freeholders in the Circuit Court of Ohio County. At the conclusion of the evidence the jury returned a verdict of $52,500 as just compensation to Mountain Inc. For the property taken and damage to the residue. The appellant filed a motion for a new trial and the motion was denied by the circuit court on April 23, 1980. This is an appeal by Mountain Inc. from that order.

Appellant's principal assignment of error is that the court erred in allowing into evidence a 1968 deed wherein the appellant purchased approximately 408 acres of property, including the subject 13.96 acres, from Valley Camp Coal Company for the sum of $175,000.00. Appellant argues that the deed has no probative value in that: (1) it is remote in time; (2) there had been a substantial change in the physical characteristics of the property between the date of the deed and the date the land was officially taken by the Highways Department;[1] and (3) it is impossible to assign a part of the original total purchase price to the 13.96 acres condemned in this proceeding.

---

[1] Beginning in 1970, the West Virginia Department of Highways condemned a corridor running across the north edge of appellant's property for the purpose of constructing I-470. Due to this construction, some slippage of an embankment had occurred and as a result of no one knowing the exact date when the slippage took place, the parties stipulated the arbitrary date of the take as June 1, 1973.

Prior to the trial, the appellant filed a motion *in limine* asking the circuit court to hold that the 1968 deed was not admissible, giving three reasons relevant to this appeal:

"(1) Said deed sets forth a total declaration of consideration in the amount of $175,000.00, for many tracts, including the subject property but makes no allowance for immense monetary expenditures to improve the overall property as well as the subject property between the 5th day of December, 1968, and the first day of June, 1973, which is the stipulated date of take.

"(2) Said deed is irrelevant.

"(3) The introduction of said deed would be prejudicial to the landowner and misleading to the jury."

The court denied the motion, and subsequently denied a motion to reconsider the motion *in limine.* The sole issue in this appeal is whether the original deed indicating the purchase price of the subject property and adjoining tracts is admissible into evidence as probative of the market value of the approximately thirteen acres involved in this proceeding, seven of which are alleged to be usable.

The action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion. Syl. pt. 5, *Casto v. Martin,* 159 W. Va. 761, 230 S.E.2d 722 (1976), *citing* Syl. pt. 10, *State v. Huffman,* 141 W. Va. 55, 87 S.E.2d 541 (1955). More specifically, although our research indicates that there are no cases in West Virginia on this point, the general rule is that it is within the sound discretion of the trial court as to whether the purchase price paid by the owner of the condemned property should be admitted into evidence, *5 Nichols on Eminent Domain,* § 21.2, at 21-13 (3rd. rev. ed. 1979); *see also, Department of Transportation, etc. v. Prombo,* 63 Ill. App. 3d 407, 379 N.E.2d 953 (1978); *Belworth, Inc. v. Mayor of Baltimore,* 256 Md. 369, 260 A.2d 284 (1970); *Michigan State Highway Commission v. Abood,* 83 Mich. App. 612, 269 N.W..2d 247 (1978); *State ex rel. State Highway Commission v. Ballwin Plaza Corporation,* 474

S.W.2d 842 (Mo. 1971); *City of Columbus v. Wilcox*, 46 Ohio App. 2d 129, 346 N.E.2d 343 (1975); *State Highway Commission v. Jones*, 237 Or. 372, 391 P.2d 625 (1964); *Klick v. Dept of Transportation*, 342 A.2d 794 (Pa. Cmwlth., 1975); *Chase v. City of Tacoma*, 23 Wash. App. 12, 594 P.2d 942 (1979).

However, this discretion is not unbridled and when making its decision the court should be guided by certain principles of law. In 5 *Nichols on Eminent Domain*, § 21.2, at 21-4 - 21-8 (3rd rev. ed. 1979) it is stated:

> "The general rule is that evidence of the price paid for property which is the subject of appropriation proceedings is admissible, if the following conditions are satisfied:
>
> "(a) The sale must be bona fide;
>
> "(b) The sale must be voluntary, not forced;
>
> "(c) The sale must have occurred relevantly in point of time; and
>
> "(d) The sale must cover substantially the same property which is the subject of the appropriation action."[2]

In the case before us the first two conditions listed are not at issue. We find no evidence in the record to indicate that the 1968 sale from Valley Camp Coal Company to the appellant was anything other than a voluntary, bona fide transaction, and appellant makes no allegations to the contrary.

This Court has previously dealt with the remoteness issue only once in the context of the sale of property. In *Guyandot Valley Railroad v. Buskirk*, 57 W. Va. 417, 50 S.E. 521 (1905), the Court held that evidence of the purchase price paid for condemned property is admissible if not too remote in time. The time period in that case was

---

[2] We note that at a minimum the fourth condition for admissibility could be construed to cover those instances where: (1) actual physical changes in the property have taken place, or (2) the amount of property taken in an eminent domain proceeding is substantially different from the amount of property originally purchased.

approximately three months and the Court upheld the admission of such evidence.

Although the purchase price of the condemned property may be inadmissible where it is too remote in time, we are of the opinion in this case that the period of approximately four and a half years between the time appellant purchased the subject property and the time the property was taken for public use does not render the 1968 purchase price evidence inadmissible *per se.*

However, as we have noted, remoteness is not the exclusive basis upon which to determine whether the purchase price is admissible. The price is not admissible where it has no probative value to the jury because there have been such substantial economic or physical changes affecting the property that the original purchase price is no longer a reflection of the fair market value of the condemned property. *See, Michigan State Highway Commission v. McGuire,* 29 Mich. App. 32, 185 N.W.2d 187 (1970).

The Commonwealth Court of Pennsylvania recognized this principle in *Klick v. Dept. of Transportation,* 342 A.2d 794, 797-798 (Pa. Cmwlth. 1975):

> "Clearly, the purpose behind the remoteness rule is to exclude testimony, which, because of its age would tend not to be reflective of current values. Most assuredly, viewing the interval occurring between the purchase and the condemnation is a consideration for a trial court, but, of equal or greater importance is the possible change occurring during that interval."

Thus, the final question remains as to whether the condemnation proceeding covers substantially the same property which was the subject of the earlier purchase by the landowner. Appellant argues in the case before us that a substantial change occurred in the physical characteristics of the condemned property between the date of the deed, December 5, 1968, and the stipulated date of the taking of the property on June 1, 1973. It is this argument that convinces us that the court's admission of the 1968 deed between appellant and Valley Camp Coal Company was an abuse of discretion.

Appellant's evidence at trial indicated that when Wheeling Properties, Inc. purchased the subject property in 1968, it purchased 408 acres of mountain property with no usable land included in the parcel. The condemned 13.96 acares was included in that transaction, and was likewise not usable. The evidence also indicates that at some point after 1971, seven of the thirteen acres condemned in this proceeding became usable, even if as the Department of Highways contends, the acres were only marginally so.

The seven acres became relatively level, as opposed to being a slope in 1968, by virtue of an agreement entered into in 1971 by appellant and Glasgow, Inc., the excavating contracting company in charge of the excavation work on the portion of I-470 in the Wheeling area. The agreement was a compaction lease, and as part of that lease appellant allowed Glasgow to spread unneeded soil from the I-470 project on appellant's land and the soil was then compacted in accordance with specific requirements set forth in the agreement.

This evidence, in addition to certain photographs admitted into evidence showing the compaction site, lead us to conclude that a primary change took place in seven of the condemned acres, changing the area from a slope to level acreage.

The Department of Highways concedes that approximately seven acres of the appellant's land had been modified to the extent that they were level in 1973, but contends that the acres are still not a feasible site. There was extensive evidence produced on this point at trial including testimony that the appellant had entered into negotiations with an Ohio based firm to build a discount retail store on the land. There was, however, no evidence that the seven acre tract had not been leveled from it previous slope.

We conclude that in an eminent domain proceeding to take private property for public use the purchase price of the property approximately four and a half years prior to the filing of such proceeding is not admissible when there has been a showing that a substantial change in the

physical characteristics of the property has ocurred since the sale took place and the original purchase price is not probative of the fair market value of the property at the time of the taking.

Whether the level acreage is a feasible site for further construction is not at issue. That is a question for the jury in determining the amount of just compensation due Mountain, Inc. for the condemned property and is irrelevant to this appeal. We find only that the physical character of seven acres of the subject property changed substantially after the appellant purchased the property in 1968, and that because of this change the 1968 purchase price was not probative of the fair market value of the property in 1973.

We therefore conclude that the Court abused its discretion in admitting the 1968 purchase price into evidence. The order of the circuit court is reversed and a new trial awarded.

*Judgment reversed; new trial awarded.*