WEST VIRGINIA DEPARTMENT OF HIGHWAYS

*v.*

HOWARD BELLOMY, *et al.*

(No. 14778)

Decided March 26, 1982.

*Kenneth H. Fisher* for appellants.

*Martorella & Martorella* and *Joseph G. Martorella* for appellee.

PER CURIAM:

This is an appeal by Howard and Leta Bellomy from a final order of the Circuit Court of Wayne County denying their motion to set aside the jury verdict of $80,000.00 in their favor in an eminent domain proceeding. The appellants contend, among other things, that the trial court improperly allowed the State's expert witness, John Frazier, to testify about the value of the condemned land. We agree, and for the reasons set forth below we reverse and remand for a new trial.

The facts of the case show that on February 9, 1977, the West Virginia Department of Highways filed a petition to acquire certain rights of way and easements over approximately 2.99 acres of land owned by the appellants in Wayne County. The DOH sought to have the land

condemned for the purpose of constructing a portion of a highway to be known as Wayne County Route 1.

At trial Mr. Bellomy testified that the fair market value of the land taken plus the damage to the residue was $160,000.00. Gideon Dean, the appraiser called by Mr. and Mrs. Bellomy, valued the property taken plus damage to the residue at $156,000.00. Mr. Dean testified that he used the cost approach as his method of appraisal.

The State's appraiser, John Frazier, testified that the fair market value of the condemned land and damage to the residue was $46,500.00. Mr. Frazier used the market comparison approach in his valuation and supported that approach by reference to several comparable real estate sales in the area. During the trial the landowner's counsel objected to each of the sales on the ground that they were not in fact comparable sales. The court, in each instance, sustained the motion to strike the sales from the evidence but refused to strike Mr. Frazier's entire testimony.

At the conclusion of the trial, the jury awarded the landowners $80,000.00 for all damages. The landowners now appeal on several grounds; the one that we address relates to the court's refusal to strike the testimony of the State's appraiser.

In *West Virginia Department of Highways v. Sickles*, 161 W.Va. 409, 242 S.E.2d 567 (1978), we discussed the three techniques used to appraise real estate. The purpose of the different techniques is to provide some estimation of what a "willing buyer, desirous of buying but under no compulsion to buy would pay to a willing seller, desirous of selling but under no compulsion to sell." 242 S.E.2d at 569-70.

> "The first of these approaches is known as the market approach and involves, essentially, an evaluation of similar pieces of property in the general area and the prices paid for each. The second approach is the cost approach and is used primarily where there are recently constructed improvements whose cost of construction or cost

of replacement is readily ascertainable. The third is the income approach, and this is used where the property has a rental value which can be capitalized to give some fair indication of what an investor would pay for the privilege of receiving that income over some foreseeable period of time."

As noted above, Mr. Frazier used the market approach for his appraisal and based his opinion on certain comparable sales. The basis of the landowners' objection to these sales was that they were not shown to be voluntary transactions between two persons neither of whom was under a compulsion to buy or sell. The court was correct in striking the sales from the evidence but erred in allowing the appraiser's opinion to remain.

Historically, this Court has been very liberal with regard to the qualifications necessary for an expert witness to testify on the value of property in condemnation proceedings. *State Road Commission v. Darrah,* 151 W.Va. 509, 153 S.E.2d 408 (1967). And in syl. pt. 5 of *Jordan v. Bero,* 158 W.Va. 28, 210 S.E.2d 618 (1974) we stated the general rule:

"Whether a witness is qualified to state an opinion is a matter which rests within the sound discretion of the trial court and its ruling will not ordinarily be disturbed unless it clearly appears that its discretion has been abused."

In the case before us, we conclude that the court did abuse its discretion in allowing Mr. Frazier's testimony to go to the jury when the evidence upon which he relied to reach his opinion was struck. In 5 *Nichols on Eminent Domain,* § 18.45, at 18-300 to 18-302 (3rd rev. ed. 1979) it is stated that a witness qualified to give his opinion on the value of the land involved in condemnation proceedings cannot use inadmissible facts to support his opinion. And "[i]f there is no substantiating evidence to fortify the opinion or if the elements considered by the witness in reaching his opinion are irrelevant, speculative and conjectural, or otherwise incompetent, the opinion should be excluded." Other courts have reached the same con-

clusion. *See, e.g., United States v. 319.88 Acres of Land, etc.,* 498 F. Supp. 763 (D. Nev. 1980); *Arkansas State Highway Commission v. Jensen,* 256 Ark. 478, 508 S.W.2d 737 (1974); *City of Ontario v. Kelber,* 24 Cal. App. 3d 959, 101 Cal. Rptr. 428 (1972); *Lipinski v. Lynn Redevelopment Authority,* 355 Mass. 550, 246 N.E.2d 429 (1969); *State by Mondale v. Gannons Inc.,* 275 Minn. 14, 145 N.W.2d 321 (1966); *State v. Smith,* 141 Mont. 302, 377 P.2d 352 (1962).

Under the circumstances of this particular case, where the facts relied on by the expert witness were found to be incompetent evidence, and there was no other evidence testified to by the expert to justify his opinion on the fair market value of the condemned land, we find that the failure to strike the entire testimony was error.

Accordingly, the judgment of the Circuit Court of Wayne County is reversed and the case is remanded for a new trial.

*Reversed and remanded.*