459 S.E.2d 349

**HARRISON COUNTY BOARD OF EDUCATION, A Public Body, Petitioner Below, Appellee,**

v.

**TEN–A–COAL COMPANY, A West Virginia Partnership, and Patrick H. Cunningham, One of Its General Partners; West Virginia State Tax Department; CB & T of Harrison County, Formerly Lowndes Bank; And Sheriff of Harrison County, Respondents Below, Appellants.**

No. 22491.

Supreme Court of Appeals of West Virginia.

Submitted May 9, 1995.

Decided June 15, 1995.

PER CURIAM:

This is an appeal by Ten–A–Coal Company and Patrick H. Cunningham, one of its general partners (hereinafter "the Appellants") from a November 5, 1993, order of the Circuit Court of Harrison County denying the Appellants' motion for a new trial in a condemnation action. The Harrison County Board of Education (hereinafter "the Board") petitioned the lower court to condemn a 37.7–acre tract owned by the Appellants for public use as the site for a new school. The single issue for jury determination was the amount to be paid by the Board for the property. The Appellants contend that the lower court erred in striking the testimony of the Appellants' expert regarding comparable sales in the area, in refusing to admit testimony of an area businessman regarding his attempt to sell similar property, and in refusing to allow evidence of the Board's own opinion regarding the fair market value of the property in question. We find no error by the lower court and affirm its decision.

I.

On May 8, 1992, the Board petitioned the lower court to condemn 37.7 acres of unimproved rural land situated near the Town of Shinnston, Harrison County, West Virginia. In accordance with the statutory requirements of West Virginia Code § 54–2–14a (1994), the Board deposited $150,000 with the Clerk of the Harrison County Circuit Court. The Appellants thereafter requested a hearing before five commissioners to establish the just compensation for the property. On July 23, 1992, the commissioners concluded that the sum of $161,600 would appropriately compensate the Appellants. The Appellants filed exceptions to that report and a jury trial commenced on August 9, 1993.

The jury was presented with the testimony of two appraisers regarding the fair market valuation of the property. Ms. Mickey Petitto, the Board's appraiser, testified that the property had a value of approximately $107,000. The Appellants' appraiser, Ms. E. Virginia Rockwell, valued the property at $450,000. The jury returned a verdict in the amount of $137,500. The Appellants moved to set aside the judgment and grant a new

trial, and that motion was denied by the lower court on November 5, 1993. It is from that order that the Appellants appeal.

## II.

The Appellants first allege that the lower court erred by striking the testimony of E. Virginia Rockwell regarding comparable sales in the area. The Appellants additionally assert that even if such testimony was objectionable, the Board waived its opportunity to object by failing to make a timely objection, allowing the evidence to be introduced, and then moving to strike the evidence.

Ms. E. Virginia Rockwell testified regarding eleven allegedly comparable sales of property in the vicinity which had been made by various individuals to the West Virginia Department of Transportation. Based upon these allegedly similar transactions, Ms. Rockwell estimated the value of the Appellants' property to be approximately $450,000. The lower court found that these transactions were not arms-length transactions and struck the portion of Ms. Rockwell's testimony dealing with these allegedly similar exchanges.

In *County Court of Mingo County v. Chattaroy Coal Co.*, 105 W.Va. 321, 142 S.E. 430 (1928), this Court explained that evidence of a price paid by a condemnor for similarly situated land is admissible: (1) if voluntarily paid, and (2) if the action did not include any other values such as payment in order to compromise a suit already begun or payment including values other than the land itself. *Id.* at 328–29, 142 S.E. at 432–33. We have recognized that generally, evidence of valuation is intended to provide some estimation of what a "willing buyer, desirous of buying but under no compulsion to buy would pay to a willing seller, desirous of selling but under no compulsion to sell." *West Virginia Dep't of Highways v. Sickles,* 161 W.Va. 409, 411, 242 S.E.2d 567, 569–70 (1978), *overruled on other grounds by West Virginia Dep't of Highways v. Brumfield,* 170 W.Va. 677, 295 S.E.2d 917 (1982).

This Court readdressed the issue in *Chesapeake & O.R. Co. v. Johnson,* 134 W.Va. 619, 60 S.E.2d 203 (1950). In *Johnson,* we reiterated the principle that evidence of a price paid by a condemnor for similarly situated

land is admissible where payment is voluntary and where damage to the residue is not at issue. The *Johnson* Court also explained that such sales should be "the result of the free exercise of intelligent judgment and . . . not influenced by compulsion or fear of litigation." *Id.* at 631, 60 S.E.2d at 211.

In *West Virginia Department of Highways v. Bellomy,* 169 W.Va. 791, 289 S.E.2d 511 (1982), we reasoned that evidence of prices paid for similarly situated condemned land would not be admissible because they "were not shown to be voluntary transactions between two persons neither of whom was under a compulsion to buy or sell." *Id.* at 792, 289 S.E.2d at 512.

■ In syllabus point one of *Brumfield,* we enunciated a definitive test for admissibility of comparable sales evidence in eminent domain cases, as follows:

> The general rule is that evidence of the price paid for property which is comparable to the property being condemned is admissible, if the following conditions are satisfied:
>
> (a) The sale must be bona fide;
>
> (b) The sale must be voluntary, not forced;
>
> (c) The sale must have occurred relevantly in point of time; and
>
> (d) The sale must cover property which is comparable to the property being condemned.

Syl.Pt. 1, 170 W.Va. at 678, 295 S.E.2d at 918 (1982), *see also,* Syl.Pt. 1, *West Virginia Dep't of Highways v. Woods,* 180 W.Va. 93, 375 S.E.2d 564 (1988).

■ In the present case, the Appellants did not establish that the allegedly comparable sales were voluntary transactions. The lower court questioned Ms. Rockwell regarding her consultation with the Department of Highways and the willingness of both buyer and seller to execute the transactions. Ms. Rockwell responded that she had discussed the matter with the sellers whose properties were being condemned, but no other evidence was offered to establish the voluntariness of the sales. The lower court determined that the allegedly comparable sales had not been demonstrated to be voluntary transactions and that they were therefore inadmissible. Based upon the evidence before us, we agree with the lower court's

determination and find no abuse of discretion.[1]

### III.

 The Appellants also assert that the lower court abused its discretion in prohibiting the testimony of Mr. John Brennan regarding an oral offer to purchase allegedly comparable property. The Board had moved the lower court in limine to disallow such testimony based upon the fact that the offer in question was only an oral offer and Mr. Brennan was not an expert. Mr. Brennan had received an oral offer from the Food Lion grocery chain for four acres of property within the city limits of Shinnston. No written documentation concerning the offer was produced. Mr. Brennan refused the offer because he decided to retain the property for his grandchildren. The property was not shown to be similar, the offer itself was not written, and the transaction was never completed. We find that the lower court properly excluded the evidence of this unaccepted oral offer to purchase.

### IV.

The Appellants also allege that the lower court erred in refusing to permit evidence of the Board's payment into court pursuant to West Virginia Code § 54–2–14a. That statute specifically states that "[n]o party to the condemnation proceeding shall be permitted to introduce evidence of ... payment [into court] or of the amount so paid into court, or of any amount which has been accepted by any party, nor shall reference be made thereto during the course of the trial."

 Regardless of the Appellants' motive [2] in attempting to introduce evidence of the $150,000 paid into court by the Board, the provisions of the statute strictly prohibit such

evidence in trial. *See* W.Va.Code § 54–2–14a. We therefore find no abuse of discretion by the lower court in refusing to admit such evidence.

Based upon the foregoing, we affirm the decision of the lower court.

Affirmed.

BROTHERTON and RECHT, JJ., did not participate.

MILLER, Retired Justice, sitting by temporary assignment.

FOX, J., sitting by temporary assignment.

---

1. The Appellants also contend that they were prejudiced by the manner in which the testimony was stricken. Rather than objecting to the evidence at its initiation, the Board permitted the evidence to be introduced and then sought a motion to strike. We find no error in the lower court's decision to grant the motion to strike. Furthermore, Ms. Rockwell's ultimate conclusion that the land should be valued at $450,000 was not stricken, and we do not believe that Ms. Rockwell's credibility was significantly harmed by the decision of the lower court to strike the evidence of similar transactions. Moreover, we

must remain cognizant of the discretion of the lower court in determining the admissibility of this evidence. *See West Virginia Dep't of Highways v. Mountain Inc.*, 167 W.Va. 202, 204, 279 S.E.2d 192, 194 (1981).

2. The Appellants contend that they attempted to introduce the amount offered by the Board to challenge the credibility of the Board's expert, Ms. Petitto, by demonstrating that even the Board offered a greater payment for the property than suggested by Ms. Petitto.